UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROSBI ZEPEDA-HERNANDEZ,

    Plaintiff,

v.                                          Case No. 20-2028

MARISCOS EL QUETZAL, LLC
and AUDELIO CHILEL,

    Defendants.

**COMPLAINT UNDER THE FLSA**

Plaintiff ROSBI ZEPEDA-HERNANDEZ files this Complaint against Defendants Mariscos El Quetzal, LLC and Audelio Chilel under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation and the applicable minimum wage.

**I. JURISDICTION**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**II. FACTS**

**A. Parties**

2. Plaintiff Rosbi Zepeda-Hernandez is an adult resident of Memphis, Tennessee. During the applicable statutory period, Plaintiff Zepeda-Hernandez worked as a server for Defendants.

3. Defendant Mariscos El Quetzal, LLC ("Mariscos El Quetzal") is a limited liability

corporation formed and organized under Tennessee state law and currently conducting business as a restaurant at 5855 Winchester Rd., Memphis, TN 38115.

4. At all relevant times herein, Defendant Mariscos El Quetzal was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Mariscos El Quetzal is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant Mariscos El Quetzal is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Mariscos El Quetzal is a Mexican Restaurant and has annual sales of not less than $500,000.

7. Defendant Audelio Chilel is the owner and manager of Defendant Mariscos El Quetzal, and at all times herein, Defendant Chilel has been the employer of Plaintiff under the meaning of 29 U.S.C. § 203(d), since he has acted directly in the interest of Defendant Mariscos El Quetzal in relation to establishing the terms and compensation of Plaintiff's employment, including but not limited to making the decision not to compensate Plaintiff at the required overtime and minimum wage rates. Defendant Chilel is believed to be a resident of Memphis, Tennessee.

## B. Factual Allegations

8. Plaintiff brings this action on behalf of herself as authorized under 29 U.S.C. § 216(b).

9. Plaintiff was employed by Defendants as a server at Marisco El Quetzal, located at 5855 Winchester Rd., Memphis, TN 38115, during the applicable statutory period. Plaintiff Zepeda-Hernandez began her employment with Defendants in approximately April 2019 and ended her employment in November 2019.

10. Plaintiff Zepeda-Hernandez's job duties as a server included taking orders and serving drinks and food to restaurant customers. The FLSA requires covered employers, such as Defendants, to compensate all tipped employees at the requisite minimum wage of $7.25 per hour. Section 3(m) of the FLSA permits such employers to take a tip credit toward its minimum wage obligation for tipped employees and compensate tipped employees at a minimum hourly wage of $2.13 per hour with a maximum tip credit of $5.12 per hour. 29 U.S.C. §203(m); 29 C.F.R. § 531.59(b).

11. Under the FLSA, , employers utilizing the tip credit for tipped employees must pay one and one-half times the minimum wage rate of $7.25 less the maximum tip credit of $5.12 per hour ($7.25 x 1.5 = $10.88 - $5.12 = $5.76 per hour) for all hours worked in excess of forty hours in a work week). 29 C.F.R. § 531.60.

12. Prior to using the tip credit, an employer must inform, either orally or in writing, its tipped employees of the requirements of using the tip credit under section 3(m) of the FLSA. If the employer fails to inform its tipped employees of those requirements, it must pay the tipped employee at least $7.25 per hour and allow the tipped employee to keep all tips received.

13. During the applicable statutory period, Defendants suffered and permitted

3

Plaintiff to work as a tipped employee without informing her of the requirements of using the FLSA's section 3(m) tip credit.

14. During the applicable statutory period, Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation and without being compensated at the minimum wage rate. Defendants also failed to record or pay Plaintiff for all hours worked.

15. Specifically, throughout her employment with Defendants, Plaintiff typically worked from 9:00 a.m. to 9:00 p.m. with a two-hour break (i.e. 10 hours per day) on Monday, Wednesday, Thursday, and Sunday, and 9:00 a.m. to 10:00 p.m. with a two-hour break (i.e. 11 hours per day) on Friday and Saturday. Thus, Plaintiff regularly worked approximately 60 hours per week.

16. From April 2019 until approximately June 2019, Defendants paid Plaintiff $25 per day plus tips regardless of how many hours she worked per day or per week. Because Defendants failed to comply with Section 3(m) of the FLSA and failed to inform Plaintiff of the tip credit requirements, they were not entitled to use the tip credit. As a result, Plaintiff Zepeda-Hernandez's hourly wage was less than the applicable minimum wage. Additionally, Defendants never compensated Plaintiff Zepeda-Hernandez at a rate of one and one-half times the proper rate of pay for those hours over forty (40) hours.

17. From approximately July 2019 until August 2019, Defendants paid Plaintiff a salary of $350 per week plus tips regardless of the number of hours she worked per week. Because Defendants failed to comply with Section 3(m) of the FLSA and failed to inform Plaintiff of the tip credit requirements, they were not entitled to use the tip credit. As a result, Plaintiff Zepeda-Hernandez's hourly wage was less than the applicable minimum wage.

Additionally, Defendants never compensated Plaintiff Zepeda-Hernandez at a rate of one and one-half times the proper rate of pay for those hours over forty (40) hours.

18. From September through November 2019, Defendants paid Plaintiff a salary of $450 per week plus tips regardless of the number of hours she worked per week. During this time period, Plaintiff earned the requisite minimum wage, but Defendants never compensated Plaintiff Zepeda-Hernandez at a rate of one and one-half times the proper rate of pay for those hours over forty (40) hours.

19. The exact amounts of unpaid overtime compensation owed to Plaintiff are not presently known but will be determined through discovery. At this juncture, Plaintiff Zepeda-Hernandez estimates that she was deprived of minimum wage and overtime compensation of at least $6,000.00.

20. As a result of their actions and the conduct described above, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1), with respect to Plaintiff. Thus, Plaintiff suffered a loss of wages.

21. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

22. The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

1. Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

2. Judgment against Defendants that their violations of the FLSA were willful;

3. An equal amount to the minimum wage and overtime damages as liquidated damages;

4. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

6. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

7. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/Bryce W. Ashby
William B. Ryan – TN Bar #20269
Bryce W. Ashby – TN Bar #26179
Janelle C. Osowski – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF